IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BERNARD FRACTION,<br><br>Plaintiff,<br><br>v.<br><br>RANDY JAMES, and VANDELAY INVESTMENTS, et al,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 8:14CV348<br><br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint in this matter on November 5, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Randy James and Vandelay Investments. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges his name was forged on a return receipt card and, as a result, Defendants "Stole [his] Home" and "Got Rid of [his] Person[a]l Property." (*Id.* at CM/ECF p. 2.) As relief, Plaintiff asks the court to order Defendants to return his home to the condition it was in prior to the theft, and to return or replace his personal property. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, the plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleged a "[v]iolation of civil rights" and that his "[c]laim arises under the Constitution, laws or treaties of the United States." (*See* Filing No. 1 at CM/ECF p. 4.) However, as discussed below, the court cannot

determine whether jurisdiction is proper based on the information set forth in the Complaint.

**A. Diversity of Citizenship Jurisdiction**

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff did not provide an address for Defendants and did not allege an amount in controversy. Therefore, the court is unable to determine whether there is diversity of citizenship jurisdiction.

**B. Federal Question Jurisdiction**

Subject-matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private

party is a willful participant in joint activity with the State to deny constitutional rights. *See Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014).

While Plaintiff asserts a claim that Defendants violated his civil rights, the Complaint lacks any indication that Defendants are state actors. In addition, while Plaintiff asserts his claim arises under the Constitution, laws, or treaties of the United States, there are no facts alleged to support such a claim. Accordingly, Plaintiff's allegations do not establish that federal question jurisdiction exists in this matter.

On the court's own motion, Plaintiff will have 30 days to file an amended complaint that sets forth the grounds for this court's jurisdiction.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days to file an amended complaint that sets forth a short and plain statement of the grounds for the court's jurisdiction. Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this matter without further notice to Plaintiff.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

3. The Clerk is directed to set a pro se case management deadline in this matter with the following text: March 5, 2015: deadline for Plaintiff to amend.

DATED this 3rd day of February, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.